| | |
|---|---|
| DEBORAH JEAN KUDLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 2:18 CV 419 |
| | ) |
| CITY OF HAMMOND, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on defendants' motion for partial judgment on the pleadings. (DE # 24.) For the reasons set forth below, the motion will be granted in part and denied in part.

## I.    BACKGROUND

Plaintiff Deborah Kudla's complaint alleges that, upon her arrest and transfer to the Hammond City Jail, defendant Gregory McGing forcibly drove her head-first into the concrete ground or wall, in the presence of other defendant officers. (DE # 1 at 10.) Plaintiff suffered a coma and other severe injuries as a result of the assault. (*Id.* at 11.)

Plaintiff contends that defendants are liable under 42 U.S.C. § 1983 for excessive force, failure to intervene, conspiracy, and denial of medical care. (*Id.* at 11-15.) Plaintiff further alleges that defendants are liable under Indiana law for battery, intentional infliction of emotional distress, and negligence. (*Id.* at 17-18.) Plaintiff alleges that the City of Hammond and the Hammond Police Department are liable under a theory of respondeat superior. (*Id.* at 19.)

Defendants have filed a motion for partial judgment on the pleadings. (DE # 24.)

The motion is fully briefed and is ripe for ruling.

## II.    LEGAL STANDARD

In reviewing a motion under Federal Rule of Civil Procedure 12(c), the court

applies the same standard that is applied when reviewing a motion to dismiss pursuant

to Federal Rule of Civil Procedure 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.,* 499 F.3d 629,

633 (7th Cir. 2007). A judge reviewing a complaint pursuant to Rule 12(b)(6) must

construe the allegations in the complaint in the light most favorable to the non-moving

party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor

of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.,* 896 F.3d 834,

839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil

Procedure, the complaint need only contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal

pleading standard is quite forgiving, . . . the complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City

of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S.

544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.

Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

## III.   DISCUSSION

### A.    Intracorporate Conspiracy Doctrine

Defendants argue that plaintiff's § 1983 conspiracy claim (Count III) is barred by the intracorporate conspiracy doctrine. Under this doctrine, employees of a corporation who jointly pursue its lawful business do not become "conspirators" when acts within the scope of their employment are said to be discriminatory or retaliatory. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 633 (7th Cir. 1999); *Wright v. Illinois Dep't of Children & Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994). While the Seventh Circuit has explicitly held that the doctrine applies to governmental entities in claims under 42 U.S.C. § 1985, see *Wright*, 40 F.3d at 1507–08, it has never applied the doctrine to claims brought under § 1983. There is disagreement among the district courts in this circuit as to whether the doctrine applies to conspiracy claims brought under § 1983. *Compare Salaita v. Kennedy*, 118 F. Supp. 3d 1068, 1085 (N.D. Ill. 2015) *to Strauss v. City of Chicago*, 346 F. Supp. 3d 1193, 1209–11 (N.D. Ill. 2018).

The Seventh Circuit case which established the doctrine cautioned against an overly broad application, stating: "[w]e do not suggest that an agent's action within the

scope of his authority will always avoid a conspiracy finding." *Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir. 1972). The Seventh Circuit subsequently noted two exceptions to the intracorporate conspiracy doctrine: (1) "where corporate employees are shown to have been motivated solely by personal bias"; and (2) where "the conspiracy was part of some broader discriminatory pattern * * *, or * * * permeated the ranks of the organization's employees." *Hartman v. Board of Trustees of Community College Dist. 508*, 4 F.3d 465, 470–71 (7th Cir. 1993). In cases "where corporate employees are shown to have been motivated solely by personal bias * * * the interests of the corporation would have played no part in the employees' collective action, so the action could not have been taken within the scope of employment." *Id.* at 470. Subsequent decisions have characterized this first exception as the "egregious circumstances" exception. *See Payton*, 184 F.3d at 633.

Courts in this circuit have routinely declined to apply the intracorporate conspiracy doctrine in a § 1983 conspiracy claim where the plaintiff alleged police misconduct. *See e.g. Xie v. City of Chicago*, No. 14-CV-6082, 2016 WL 6193981, at *10 (N.D. Ill. Oct. 24, 2016)*; Thomas v. City of Blue Island*, 178 F. Supp. 3d 646, 654 (N.D. Ill. 2016); *Reitz v. Creighton*, No. 15-CV-01854, 2015 WL 5081485, at *4–5 (N.D. Ill. Aug. 26, 2015); *Salaita*, 118 F. Supp. 3d at 1085*; Petrishe v. Tenison*, No. 10 C 7950, 2013 WL 5645689, at *5–6 (N.D. Ill. Oct. 15, 2013); *Sassak v. City of Park Ridge*, 431 F.Supp.2d 810, 821 (N.D. Ill. 2006). These courts have reasoned that the alleged police misconduct fell outside the scope of lawful, routine police business, and therefore the doctrine did not apply.

4

Here, to the extent that the doctrine can be applied at all to a claim under § 1983, one or both of the exceptions to the doctrine likely apply. The alleged conduct in this case cannot be fairly described as within the lawful interests of the Hammond Police Department, or the product of routine police department decision-making. Moreover, plaintiff's complaint alleges that the violations of her constitutional rights were the product of widespread policies and practices within the Department. Accordingly, the court declines to apply the doctrine at this stage of the case.

B.      *Indiana Tort Claims Act*

Defendants next argue that the Indiana Tort Claims Act bars plaintiff's state law claims against the individual defendants. Pursuant to the Indiana Tort Claims Act, "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally. However, if the governmental entity answers that the employee acted outside the scope of the employee's employment, the plaintiff may amend the complaint and sue the employee personally." Ind. Code § 34-13-3-5(b). Plaintiff's complaint alleges that "[a]ll mentioned defendants were acting within the scope of their employment at the times of the incidents giving rise to the causes of action." (DE # 1 at 9.) In their answer, defendants concede that the individual defendants acted within the scope of their employment. (DE # 23 at 12, 30.)

Because plaintiff explicitly alleges that defendants acted within the scope of their employment, and because defendants concede the truth of this allegation, plaintiff's

state law claims against the individual defendants are barred by the Indiana Tort

Claims Act. *See Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014) ("Under the

Indiana Tort Claims Act, there is no remedy against the individual employee so long as

he was acting within the scope of his employment."); *Julian v. Hanna*, 732 F.3d 842, 848

(7th Cir. 2013) (same); *Hansen v. Bd. of Trustees of Hamilton Se. Sch. Corp.*, 551 F.3d 599, n.

2 (7th Cir. 2008) (same); *Estate of Spates by Spates v. Crizer*, No. 2:18-CV-1-TLS, 2019 WL

3935347, at *4 (N.D. Ind. Aug. 20, 2019) (dismissing state law claims against individual

defendant pursuant to § 34-13-3-5(b) where plaintiff explicitly pled that defendant acted

within the scope of his employment, and plaintiff did not plead in the alternative).

Therefore, defendants' motion will be granted with respect to plaintiff's state law claims

against the individual defendants.

> C.     *Punitive Damages*

Defendants next argue that the City of Hammond is immune from any claim for

punitive damages, under both Indiana and federal law. Defendants are correct. Punitive

damages are not available against municipalities, under either § 1983 or Indiana law.

*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Swanigan v. City of Chicago*,

775 F.3d 953, n. 5 (7th Cir. 2015); *Robinson v. City of Harvey, Ill.*, 617 F.3d 915, 916 (7th Cir.

2010); Ind. Code § 34-13-3-4(b); *Smith v. Indiana Dep't of Corr.*, 888 N.E.2d 804, 809 (Ind.

Ct. App. 2008). Therefore, defendants' motion will be granted with respect to plaintiff's

punitive damages claim against the City.

*D.     Official Capacity Claims*

Defendants move for judgment on the pleadings with respect to plaintiff's

official capacity claims against the individual defendants. Plaintiff sued the individual

defendants in their individual and official capacities, as well as separately naming the

City of Hammond. As defendants correctly note, the claims against them in their official

capacities are redundant of the claims against the City – the real party at interest. *See*

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects

other than name, to be treated as a suit against the entity."). Accordingly, because the

City is the real party at interest, the official capacity claims against the individual

defendants will be dismissed as duplicative. *See also Mikulich v. Buncich*, No. 2:18 CV

192, 2019 WL 1014784, at *3 (N.D. Ind. Mar. 4, 2019) (dismissing official capacity claim

as duplicative where defendant's employer was a named party); *Vargas v. Lake Cty.*

*Police Dep't*, No. 2:14-CV-288, 2017 WL 4303808, at *5 (N.D. Ind. Sept. 28, 2017) (same);

*Zencka v. Lake Cty., Indiana*, No. 2:14-CV-371, 2016 WL 2984285, at *2 (N.D. Ind. May 24,

2016) (same).

*E.     Claims Against Unknown Employees*

Defendants move for judgment on the pleadings with regard to the "unknown

officers and employees" named in the complaint, on the basis that suing unnamed

parties is improper. This aspect of defendants' motion will be denied. Plaintiff's time to

amend her pleadings and conduct discovery has not yet expired. Plaintiff still has time

to discover the identities of the unnamed officer defendants and amend her pleadings.

There will come a time when dismissal of unnamed parties is appropriate, *see Williams v. Rodriguez*, 509 F.3d 392, 402 (7th Cir. 2007), but that time has not yet come.

F.    *Hammond Police Department*

Finally, defendants move for judgment on the pleadings with respect to all claims against the Hammond Police Department, on the basis that it is not a suable entity. While local governmental entities may be subject to suit for constitutional violations under *Monell v. Dep't of Soc. Servs. of the City of New York,* 436 U.S. 658 (1978), "local government liability under § 1983 'is dependent on an analysis of state law.'" *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (quoting *McMillian v. Monroe Cty.*, 520 U.S. 781, 786 (1997)). "[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued." *Id.* at 300. "The 'department' of a city is merely a vehicle through which government fulfills its policy functions and is not a governmental entity unto itself. . . . And a non-existent entity cannot be sued or brought into court by summons or otherwise." *City of Peru v. Lewis*, 950 N.E.2d 1, 4 (Ind. Ct. App. 2011). *See also Best v. City of Portland*, 554 F.3d 698, 698 (7th Cir. 2009) ("[A] police department is not a suable entity under § 1983."); *Ashcraft v. City of Crown Point, Ind.*, No. 2:13-CV-080 JD, 2013 WL 5934612, at *3 (N.D. Ind. Nov. 5, 2013) ("[A]lthough the City of Crown Police Department is a department of an entity that can be sued, it is not itself a suable entity and must be dismissed from this action.").

Accordingly, the Hammond Police Department is not a suable entity. Defendants' motion for judgment on the pleadings with regard to plaintiff's claims against the Department will be granted.

## IV.     CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART and DENIES IN PART** defendants' motion for partial judgment on the pleadings (DE # 24), on the terms set forth in this order. The court **DIRECTS** the Clerk to terminate defendant Hammond Police Department from the docket.

**SO ORDERED.**

Date: September 11, 2019

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT